UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:24-CR-8-KKC

UNITED STATES OF AMERICA     PLAINTIFF

V.     **PLEA AGREEMENT**

STEPHEN CRAIG CALHOUN,     DEFENDANT
aka FIDGET

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the sole count of the Indictment, which charges knowing possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g) (hereinafter the "Offense"). Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2. The essential elements of the Offense are:

    (a) The Defendant has been convicted of a crime punishable by imprisonment for a term exceeding one year;

    (b) The Defendant, following his conviction, knowingly possessed a firearm as specified in the Indictment;

    (c) That at the time of the Defendant's possession, he knew he had been convicted of a crime punishable by imprisonment for more than a year; and

   (d) The firearm specified in the Indictment crossed a state line prior to the Defendant taking possession.

3. As to the Offense, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

  (a) On or about July 29, 2022, the Defendant knowingly possessed a firearm after having previously been convicted of a felony. Specifically, on that date, law enforcement approached the Defendant while he was parked at a gas pump at the Hindman Double Kwik, which is located in the Eastern Judicial District of Kentucky. The Defendant fled at a high rate of speed but was apprehended a short time later. The Defendant consented to a search of his vehicle and law enforcement recovered a loaded black Taurus PT709 9mm pistol, bearing serial number TFR04525, from a child's car seat in the backseat. Subsequent forensic analysis confirmed that the presence of the Defendant's DNA on the firearm.

  (b) The seized Taurus firearm was not manufactured in the state of Kentucky and therefore necessarily travel in interstate commerce before arriving in Kentucky.

  (c) Prior to July 29, 2022, the Defendant was convicted of multiple felonies, including: (i) Knott Circuit Court Case No. 14-CR-00074: Robbery, 2nd Degree and Possession of a Firearm by a Convicted Felon (sentenced October 8, 2015); and (2) Perry Circuit Court Case No. 15-CR-00054: Criminal Mischief, 1st degree (sentenced December 14, 2015).

  (d) The Defendant knew of his prior felony convictions and knew that he was prohibited from possessing firearms before July 29, 2022.

4. The statutory punishment for the Offense is not more than 15 years imprisonment, not more than a $250,000 fine, and not more than 3 years supervised release. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United

States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

>   (a) The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range.
>
>   (b) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists regarding the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

8. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offense to which he is pleading guilty, as set forth in the forfeiture allegation of the Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the

government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he already has submitted. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

9. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

10. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

11. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

12. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this

Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

                                                          CARLTON S. SHIER, IV
                                                          UNITED STATES ATTORNEY

Date: 10/21/24   By: _____
                                                W. Pearce Nesbitt
                                               Assistant United States Attorney

Date: 10 28 24      _____
                                               Stephen Craig Calhoun
                                               Defendant

Date: 10 28-24      _____
                                               Ned Pillersdorf
                                             Attorney for Defendant